USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 96-1910 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. JONATHAN S. LEVESQUE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Lynch, Circuit Judge, _____________ Aldrich and Bownes, Senior Circuit Judges. _____________________ ____________________ Jonathan R. Saxe, with whom Twomey & Sisti Law Offices were ________________ __________________________ on brief, for appellant. David A. Vicinanzo, Assistant United States Attorney, with __________________ whom Paul M. Gagnon, United States Attorney, and Peter E. Papps, ______________ ______________ First Assistant United States Attorney, were on brief, for appellee. ____________________ MARCH 13, 1997 ____________________ Per Curiam. Levesque appeals from the denial of Per Curiam. __________ his motion to suppress which challenges the legality of searches and seizures. Those searches and seizures, which arose initially out of a routine traffic stop, produced approximately 328 pounds of marijuana, which ultimately led to criminal charges against Levesque, said to be the person for whom the marijuana was intended.  Two men from New Hampshire, one in a U-Haul truck and one in a Dodge pick-up, were stopped on a Kansas highway by state troopers and found to have marijuana hidden in those vehicles. They were arrested. The driver of the pick-up truck told the authorities that the marijuana was destined for Jonathan Levesque. A controlled delivery was arranged, and Levesque was subsequently arrested. Levesque pled guilty to possession of marijuana with intent to distribute, reserving his right to challenge the district court's denial of his motion to suppress various items of evidence stemming from the stops and searches of the U-Haul and Dodge trucks. Levesque now appeals. Like the district court, we do not reach the issue of whether Levesque had standing to challenge the searches and seizures at issue. The district court found that the challenged searches and seizures were valid and conducted within constitutional limits. We agree and affirm on the district court's well-reasoned opinion. Local Rule 27.1.  -2- 2 Affirmed. ________ ON] United States Court of Appeals For the First Circuit ____________________ No. 96-1910 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. JONATHAN S. LEVESQUE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE -3- 3 [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Lynch, Circuit Judge, _____________ Aldrich and Bownes, Senior Circuit Judges. _____________________ ____________________ Jonathan R. Saxe, with whom Twomey & Sisti Law _________________ ____________________ Offices were on brief, for appellant. _______ David A. Vicinanzo, Assistant United States ______________________ Attorney, with whom Paul M. Gagnon, United States Attorney, ______________ and Peter E. Papps, First Assistant United States Attorney, _______________ were on brief, for appellee. ____________________ MARCH 13, 1977 ____________________ -4- 4 Per Curiam. Levesque appeals from the denial of Per Curiam. __________ his motion to suppress which challenges the legality of searches and seizures. Those searches and seizures, which arose initially out of a routine traffic stop, produced approximately 328 pounds of marijuana, which ultimately led to criminal charges against Levesque, said to be the person for whom the marijuana was intended.  Two men from New Hampshire, one in a U-Haul truck and one in a Dodge pick-up, were stopped on a Kansas highway by state troopers and found to have marijuana hidden in those vehicles. They were arrested. The driver of the pick-up truck told the authorities that the marijuana was destined for Jonathan Levesque. A controlled delivery was arranged, and Levesque was subsequently arrested. Levesque pled guilty to possession of marijuana with intent to distribute, reserving his right to challenge the district court's denial of his motion to suppress various items of evidence stemming from the stops and searches of the U-Haul and Dodge trucks. Levesque now appeals. Like the district court, we do not reach the issue of whether Levesque had standing to challenge the searches and seizures at issue. The district court found that the challenged searches and seizures were valid and conducted within constitutional limits. We agree and affirm on the district court's well-reasoned opinion. Local Rule 27.1.  -2- 2 Affirmed. ________ -3- 3